IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JARRATT MELVIN, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 3:16-CR-0003-TCB-RGV-16 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 3:18-CV-0029-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Jarratt Melvin's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 857], and the government's response, [Doc. 862]. For the reasons that follow, it is **RECOMMENDED** that Melvin's § 2255 motion be **GRANTED**.

A federal grand jury in the Northern District of Georgia returned a seventy-five count indictment against Melvin and twenty-four co-defendants, all but one of whom were correctional officers employed by the Georgia Department of Corrections. [Doc. 1 at 2]. The indictment charged Melvin, who was one of those correctional officers, in Counts Forty, Fifty-Four, and Fifty-Six with attempt to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and

in Counts Forty-One, Fifty-Five, and Fifty-Seven with attempted Hobbs Act extortion under color of official right, in violation of 18 U.S.C. § 1951(a). [Id. at 2, 21, 26-28]. Represented by attorney John Phillip Fox ("Fox"), Melvin entered a non-negotiated guilty plea to all six counts. [Docs. 261; 536; 594].

> According to the presentence investigation report ("PSR"),
>
> Melvin reported that he first used marijuana when he was 13 years old. The defendant reported that during his heaviest use, prior to March 2014, he was smoking two blunts per day and spending approximately $40 per week on marijuana. The defendant stated that he stopped using marijuana prior to his employment with the Georgia Department of Corrections, approximately two to three years ago.

[PSR ¶ 152]. On the day of his arrest, Melvin tested positive for methamphetamine and marijuana. [Doc. 857 at 3]. However, "Melvin . . . did not express any interest in receiving substance abuse treatment during any potential incarceration with the Bureau of Prisons ['BOP']." [PSR ¶ 153]. Additionally, Fox did not cite Melvin's past drug abuse as a mitigating factor during sentencing. [Doc. 866 at 6-14]. The Court imposed a total sentence of 50 months of imprisonment, but did not recommend that Melvin be allowed to participate in the 500-hour intensive drug treatment program offered by the BOP, as it had for at least one of Melvin's co-defendants. [Id. at 21; Doc. 669; Doc. 480 at 2]. Melvin did not appeal.

2

AO 72A
(Rev.8/82)

Melvin timely filed this pro se § 2255 motion, arguing that Fox provided him ineffective assistance by advising him to falsely state during his PSR interview that he did not use drugs and by failing to request that he be recommended for placement in the BOP's drug treatment program. [Doc. 857 at 1-2, 4-6]. The only relief Melvin seeks is for the Court to recommend that he be allowed to participate in the 500-hour intensive drug treatment program offered by the BOP. [Id. at 2, 5-6]. The government concedes that this relief is appropriate and does not oppose Melvin's § 2255 motion. [Doc. 862].

Given the government's concession, Melvin's history of drug abuse as noted in the PSR, and the Court's drug treatment recommendation for Melvin's co-defendants, the undersigned finds that Fox provided ineffective assistance by failing to request that Melvin be recommended for placement in the BOP's drug treatment program, and **IT IS HEREBY RECOMMENDED** that Melvin's § 2255 motion be **GRANTED** and that an amended judgment and commitment order be issued that specifically recommends that Melvin be allowed to participate in the 500-hour intensive drug treatment program offered by the BOP.[1]

---

[1] Since the government does not oppose Melvin's § 2255 motion based on his documented history of drug abuse, [Doc. 862 at 5], the undersigned makes no finding

3

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 15th day of MAY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

with respect to Melvin's allegation that Fox provided him ineffective assistance by advising him to falsely state during his PSR interview that he did not use drugs but notes that the PSR indicates that Melvin reported his history of drug use to the Probation Officer. See [PSR ¶ 152].